# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL SEDGWICK, CDCR #V-29365,<br><br>Plaintiff,<br><br>vs.<br><br>UNKNOWN K-9 HANDLER, et al.,<br><br>Defendants. | Civil No.   12cv0510 MMA (WVG)<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS;**<br><br>**[Doc. No. 10]**<br><br>**GRANTING IN PART & DENYING IN PART DEFENDANT CORNWELL'S MOTION TO DISMISS**<br><br>**[Doc. No. 12]** |

Russell Sedgwick ("Plaintiff"), a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding *pro se*, has filed a civil action pursuant to 42 U.S.C. § 1983, alleging various defendants violated his Fourth, Eighth, and Fourteenth Amendment rights. Defendants County of San Diego and Agent S. Cornwell move to dismiss Plaintiff's claims. Plaintiff has not responded to either motion.[1] For the reasons set forth

---

[1] The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." As such, the Court has the option of granting Defendants' motions on the basis of Plaintiff's failure to respond. Generally, however, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Thus, the Court shall address the merits of the pending motions to dismiss.

below, the Court **GRANTS** Defendant County of San Diego's motion and **GRANTS IN PART** and **DENIES IN PART** Defendant Cornwell's motion.

### BACKGROUND

Plaintiff complains of events occurring on or about April 15, 2011, when he was attacked and mauled by a police dog.[2] According to Plaintiff, the San Diego Sheriff's Department received an anonymous tip that Plaintiff was in a house, and they responded to the call because Plaintiff had an outstanding bail warrant. When the deputies arrived, Plaintiff was unconscious under the house. Despite Plaintiff's condition, a police canine handler commanded his dog to attack Plaintiff. Plaintiff claims that he awoke, trapped under the house, while his screams for help went unheeded by the law enforcement personnel present at the scene. The mauling lasted thirty to forty minutes, leaving Plaintiff's arms and legs permanently scarred. The canine officer never called off the attack. Plaintiff was taken to the hospital, where he spent three days recovering from his injuries.

Plaintiff brings this action against the unknown police canine handler,[3] the unknown police dog,[4] the San Diego Sheriff's Department, the County of San Diego, and Parole Agent Cornwell of the Southeast Fugitive Apprehension Team. Plaintiff alleges the attack constituted excessive force in violation of his Fourth Amendment right to be free from unreasonable seizures, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment due process rights.[5] Plaintiff also alleges pursuant to 42 U.S.C. § 1985(2) that Defendants engaged in a

---

[2] Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[3] On May 24, 2012, a summons was returned executed, indicating that Plaintiff served an individual identified as "Det. Calvert (unknown K-9 handler)" with his complaint. *See* Doc. No. 15. On June 12, 2012, Calvert filed a motion to dismiss Plaintiff's claims against him as the "unknown K-9 handler." *See Calvert Motion*, Doc. No. 16. According to Calvert, he was not a canine handler on the date of the incident in question. *Id.* Calvert's motion is set for hearing on July 16, 2012.

[4] The Court previously dismissed the unknown police dog from the action with prejudice, as a dog is not a person for purposes of Section 1983. *See March 19, 2012 Order*, Doc. No. 3.

[5] It appears that Plaintiff had neither been convicted of a crime at the time the alleged excessive use of force took place. The protections of the Eighth Amendment only attach to convicted and sentenced prisoners. *See Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989) (noting that the Eight Amendment's protections attach after conviction and sentencing); *accord Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see also Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because

conspiracy to interfere with his civil rights by obstructing justice. According to Plaintiff, Defendants covered up his attack and denied him access to his police and medical records. Defendants County of San Diego and Agent Cornwell move to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

*1. Legal Standard*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). "The old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the *Bell Atlantic* decision [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)]." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

//
///
///

---

Gibson had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."). The use of excessive force in the course of making an arrest or other such seizure of a person is properly analyzed under the Fourth Amendment and its "objective reasonableness" standard, not as an Eighth Amendment violation nor as a violation of due process under the Fourteenth Amendment. *Graham*, 490 U.S. at 388, 395. As such, Plaintiff's Eighth and Fourteenth Amendment claims are subject to dismissal.

### 2. *Standards Applicable to Pro Se Litigants*

Where a plaintiff appears *in propria persona* in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

The Court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted), citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987). Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623-24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

### 3. *Defendant County of San Diego*

Defendant County of San Diego, sued as both the County and as the "San Diego Sheriff's Department," moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). First, the County argues that the San Diego Sheriff's Department is not a proper defendant in this action, as it is not a legal entity subject to suit. An agency or department of a municipal entity is not a proper defendant under Section 1983. *Vance v. Cnty. of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996). Rather, the county or city itself is the proper defendant. *See id.* Thus, the San Diego Sheriff's Department is not a proper defendant and shall be dismissed from the action.

Plaintiff also names the County of San Diego as a defendant. The County contends that Plaintiff's complaint only alleges claims against individuals, and as a public entity, it cannot be held vicariously liable for the purported constitutional violations of the defendant officers. As to the latter point, the County is correct. "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, a municipality may be liable under Section 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the Cnty. Comm's v. Brown*, 520 U.S. 397 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

To establish municipal liability, a plaintiff must show: (1) he was deprived of a constitutional right; (2) the municipality had a policy, custom, or practice; (3) which amounted to deliberate indifference to plaintiff's constitutional rights; and (4) was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Here, Plaintiff alleges that his injuries were caused by individual Sheriff's Deputies whose conduct conformed to an official county policy, custom, or practice of using police dogs to exert extreme force when detaining individuals. According to Plaintiff, the County is liable for the "ongoing misuse of it's K-9s." *Complaint*, 3.

As the Ninth Circuit has recognized, "[a] single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir.1999). Plaintiff refers to a separate incident involving the County, where Sheriff's Deputies released a police dog on a man as he lay prone on the ground, resulting in the man's bicep being ripped from his arm.[6] Vague allegations regarding one additional police dog incident are

---

[6] Plaintiff also refers to a third incident, in which a man was handcuffed, subjected to attack by a police dog, and suffered permanent disability as a result. However, Plaintiff alleges that only Agent Cornwell was involved in that incident. *Complaint*, 8. Cornwell is an employee of the California Department of Corrections and Rehabilitation, a state agency. As such, his acts in an unrelated incident are not attributable to the County and cannot support Plaintiff's allegations of municipal liability in this

insufficient, however, to state a plausible claim for municipal liability. Plaintiff must allege additional facts tending to establish that the County has a custom or policy of using police dogs in an abusive manner by adducing evidence of "widespread practices or . . . 'repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929 (9th Cir. 2001), quoting *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir.1992); *see also Brown*, 520 U.S. at 404 ("[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decision-maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law"). Even construing his claims liberally, as it is bound to do, the Court finds that Plaintiff's allegations against the County are insufficient to state a claim for municipal liability.

Furthermore, to the extent Plaintiff alleges a Section 1985 conspiracy claim against Defendants, including the County of San Diego, he fails to state a plausible claim. Section 1985(2), specifically cited by Plaintiff, proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws. *Coverdell v. Dep't of Soc. & Health Svcs., State of Wash.*, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under Section 1985(2). *Bretz v. Kelman*, 773 F.2d 1026, 1028-1030 (9th Cir. 1985). Plaintiff makes no such allegation. As such, his conspiracy claim is subject to dismissal.

    *4.    Defendant Cornwell*

Defendant Cornwell, a parole agent alleged to be a member of the Southeast Fugitive Apprehension Team, also moves to dismiss Plaintiff's claims against him. Cornwell argues that Plaintiff fails to allege facts showing that Cornwell was personally involved with Plaintiff's seizure, arrest, and the use of the police dog that injured him.

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, *participates in another's affirmative acts,* or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)

---

action.

(emphasis added).  Here, Plaintiff clearly alleges that Cornwell participated in the events giving rise to the attack and injuries.  Plaintiff states that Cornwell pursued him and "was vocal in having the K-9 attack the unconscious man under the house," even though Cornwell knew that Plaintiff "was only wanted for a bail warrant, not any other crime."  *Complaint*, 2.  According to Plaintiff, Cornwell "listened to the attack and the screams for help from Russell Sedgwick, trapped under a house as a trained K-9 attack animal mauled him for 30 to 40 minutes."  *Id*. at 6.  In this manner, Plaintiff alleges that Cornwell condoned the attack and made "no attempt to ascertain the unresponsive figure's condition."  *Id*.  These allegations are sufficient to establish Cornwell's personal involvement in the events in question, as well as a connection between Cornwell's actions and the constitutional deprivation alleged to have been suffered by Plaintiff.  *See Rizzo v. Goode*, 423 U.S. 362 (1976).

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant County of San Diego's motion.  The Court **DISMISSES** Plaintiff's claims against the San Diego Sheriff's Department with prejudice.  *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("[F]utile amendments should not be permitted").  The Court finds that Plaintiff may be able to allege a plausible *Monell* claim against the County and therefore **DISMISSES** Plaintiff's *Monell* claim against the County without prejudice and with leave to amend.

The Court further finds that Plaintiff has alleged a plausible Fourth Amendment excessive force claim against Defendant Cornwell and therefore **DENIES IN PART** his motion to dismiss.  The Court **GRANTS IN PART** Cornwell's motion and **DISMISSES** Plaintiff's Eighth and Fourteenth Amendment claims as to all Defendants with prejudice.  *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); *see also, Klamath-Lake Pharmaceutical Ass'n*, 701 F.2d at 1293.

///

///

1    Finally, the Court **DISMISSES** Plaintiff's Section 1985(2) conspiracy claim as to all
2 Defendants without prejudice and with leave to amend. If Plaintiff wishes to pursue his *Monell*
3 claim against the County and his conspiracy claim against all named Defendants, he must file an
4 amended complaint curing the above-noted deficiencies within **thirty (30)** days from the date this
5 Order is filed. Plaintiff's amended complaint, if any, must be complete in itself without reference to
6 the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not
7 re-alleged in the amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814
8 F.2d 565, 567 (9th Cir. 1987).

9    **IT IS SO ORDERED**.

10 DATED: June 19, 2012

            Hon. Michael M. Anello
            United States District Judge