# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL SEDGWICK,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>UNKNOWN K9 HANDLER, et al.<br><br>　　　　　　　　　Defendants. | CASE NO. 12cv510-MMA (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**;<br><br>[Doc. No. 43]<br><br>**DISMISSING ACTION WITH PREJUDICE** |

　　　Plaintiff Russell Sedgwick, proceeding *pro se*, filed this civil rights action while incarcerated at Richard J. Donovan Correctional Facility in San Diego, California. Plaintiff's whereabouts at this time are uncertain and he appears to have abdicated responsibility for litigating this case. United States Magistrate Judge William V. Gallo now recommends that this Court sanction Plaintiff by dismissing his claims and terminating the action. Objections to the Report and Recommendation were due on or before May 24, 2013. Plaintiff did not file any objections. For the reasons set forth below, the Court **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES** Plaintiff's claims with prejudice.

## DISCUSSION

　　　Where, as here, a magistrate judge makes a recommendation regarding a particular matter pursuant to 28 U.S.C. § 636, the district judge "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b); *see* 28 U.S.C. §

1  636(b)(1). "[T]he court shall make a *de novo* determination of those portions of the
2  [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1);
3  *see also* Fed. R. Civ. P. 72(b). "The statute makes it clear that the district judge
4  must review the magistrate judge's findings and recommendations *de novo* if
5  objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d
6  1114,1121 (9th Cir. 2003) (en banc). "Neither the Constitution nor the statute
7  requires a district judge to review, *de novo*, findings and recommendations that the
8  parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. Accordingly,
9  a district judge is entitled to adopt a magistrate judge's report and recommendation
10 based on the lack of objections. Nonetheless, the Court has conducted a *de novo*
11 review of the pertinent portions of the record and agrees that terminating sanctions
12 are appropriate.

13 As detailed by Judge Gallo, Plaintiff has participated in this litigation exactly
14 twice in the last twelve months. In August 2012, he submitted an *ex parte* letter.
15 The Court rejected the letter pursuant to Civil Local Rule 83.9, which prohibits such
16 contact with the Court. In January 2013, Plaintiff was deposed while incarcerated at
17 San Diego County Jail.

18 Meanwhile, during the course of the past year, Defendants filed two motions
19 to dismiss. Plaintiff opposed neither. After ruling on the sufficiency of Plaintiff's
20 claims, the Court granted Plaintiff leave to file an amended complaint. He did not.
21 Plaintiff at some point was released from prison but did not provide the Court with
22 notice of his new address, a violation of this Court's local rules.[1] Plaintiff failed to
23 appear for a mandatory settlement conference before Judge Gallo in March 2013.
24 Plaintiff failed to respond to Judge Gallo's subsequent Order to Show Cause.

---

[1] "A party proceeding *pro se* must keep the court and opposing parties advised as to current address. If mail directed to a *pro se* plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute." CivLR 83.11.

1  Defendants then filed a motion for summary judgment.  Plaintiff did not file a
2  response.
3        The Ninth Circuit has admonished that a *pro se* plaintiff's civil rights action
4  "should be dismissed only for an unreasonable failure to prosecute." *McKeever v.*
5  *Block*, 932 F.2d 795, 797 (9th Cir. 1991).  This is just such a case.  As such,
6  dismissal of Plaintiff's claims is within this Court's discretion and amply justified.
7  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have
8  the inherent power to control their dockets and, '[i]n the exercise of that power they
9  may impose sanctions including, where appropriate, . . . dismissal.'"), quoting
10 *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

## CONCLUSION

12       Based on the foregoing, the Court **ADOPTS** the Report and Recommendation
13 and **DISMISSES** this action with prejudice.  All pending motions are terminated
14 and any remaining deadlines and/or hearings are vacated.  The Clerk of Court is
15 instructed to enter judgment accordingly and close the case.
16     **IT IS SO ORDERED**.
17 DATED: May 31, 2013

Hon. Michael M. Anello
United States District Judge